# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

A. D. ARMSTRONG,

:

    Petitioner,                                        Case No. 3:06-cv-219

:         District Judge Walter Herbert Rice
  -vs-                                                  Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision.

When the Magistrate Judge conducted the initial review of the Petition, he analyzed it as raising one ground for relief, to wit, that Petitioner was actually innocent of the crime of which he was convicted, felonious assault with a firearm. Petitioner has never disputed that characterization and thus that is the claim which is before the Court[1].

The case has been stayed for nearly two years to require Petitioner to exhaust his available state court remedy of a delayed motion for new trial in which he could seek to present the new evidence he claims to have discovered since trial which shows him to be innocent. (Doc. No. 31) The state court process became final on December 31, 2008, when the Ohio Supreme Court denied leave to appeal. *State v. Armstrong,* 2008 Ohio 6813, 2008 Ohio LEXIS 3660 (Ohio, Dec. 31, 2008)

---

[1]While the Amended Petition (Doc. No. 4) has three Grounds for Relief filled in, they are really all restatements of the claim of actual innocence.

-1-

(Entry attached to Doc. No. 58). This Court thereupon dissolved the stay of proceedings (Doc. No. 59) and the case is ripe for decision,

Petitioner was indicted by the Montgomery County grand jury on two counts of felonious assault with a firearm specification and one count of having weapons under disability. He was convicted of the felonious assault charges which were merged and resulted in a six-year sentence with a consecutive three years for the use of a firearm. The convictions were affirmed on direct appeal with the Ohio Court of Appeals finding the following facts

> On June 6, 2004, Ronald Peters was shot in the head in broad daylight while he sat in his car in the parking lot of Gebhardt's Market on Gilsey Avenue in Dayton. As a result of the injuries he sustained, Peters cannot remember anything about the shooting or why he was even in that parking lot. Two eyewitnesses who were at the store at the time, Darryl Scott and his fiancé Mender Moore, saw a man climb into Peters' car through the open driver's side front window, heard a gunshot, and then watched as the man emerged from Peters' car and then walked right past them, complaining about people who try to rip him off.
>
> Three days later, after Scott and Moore had notified police that they witnessed this crime, they were each shown a photographic lineup and each identified Defendant as the man they saw climb into Peters' car. When Defendant was interviewed by Detective Galbraith six days after the shooting, Defendant admitted that he did climb into Peters' car via the open window because Peters was trying to drive away without paying for drugs Defendant had sold him.
>
> Defendant claimed, however, that another drug dealer who was in that parking lot, Mike Jeeter or Jetter, also entered Peters' car and is the person who shot Peters. Defendant also told Detective Galbraith that being in the drug business he needed a gun, and that people who try to steal dope get shot. Although Scott and Moore observed another man in the parking lot, they were positive that only Defendant had entered Peters' car.
>
> Defendant was indicted on two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2), with a firearm specification attached to each count, R.C. 2941.145, and one count of

> having weapons while under a disability in violation of R.C. 2923.13(A)(3). Defendant filed motions to suppress his statements and the pretrial identification evidence. The trial court overruled those motions following hearing.

*State v. Armstrong,* 2006 Ohio 1805, ¶¶ 2-4, 2006 Ohio App. LEXIS 1666 (Ohio App. 2nd Dist.Apr. 7, 2006). Petitioner's later attempted appeal to the Ohio Supreme Court was rejected as untimely filed. Petitioner never attempted a delayed appeal to the Ohio Supreme Court. Instead, he filed an application for reopening the direct appeal in the Court of Appeals which raised issues which are not material here.

Petitioner's claim is that he has newly-discovered evidence which shows that he is innocent. On that basis, he wants this Court to vacate his sentence and award him damages for wrongful incarceration. Because the discovery of new evidence can be the basis for a new trial in the Common Pleas Court, this Court gave Mr. Armstrong an opportunity to present the new evidence to that court in a delayed motion for new trial. After some initial prodding from this Court, Mr. Armstrong filed that motion and Judge Hall considered it on the merits. He described that evidence as affidavits of Antonio Elijah and Elliot Brown and an unsworn page from a report prepared by investigator Clarence Sampson.[2] (Decision and Entry Overruling Defendant's Motion for Leave to File Delayed Motion for New Trial, "Decision"Mont. Cty C.P. June 6, 2007; copy attached to Doc. No. 38.) The Elijah Affidavit concerns a conversation between the prosecutor, defense counsel, and another judge which has no bearing on the instant Petition.

The Sampson report concerns a statement by Ramel Lamont Alexander to Sampson that

---

[2]None of these items were sworn to, but Judge Hall considered them on the merits as well as making that point.)

Mike Jeeter was the person who shot Ronald Peters. As Judge Hall's Decision shows, Alexander was subpoenaed for Petitioner's trial and defense counsel decided not to present him. Decision at 4.

The Elliott Brown Affidavit (attached to Doc. No. 38[3]) says Brown heard Jeeter (spelled "Jetter" in the Affidavit) tell Ramel Alexander that he shot someone at Gibhart's liquor store and let A.D. Armstrong take the blame for it. Brown also says he didn't want to hear any more about what happened because he didn't want to be involved.

Judge Hall denied the motion for new trial because he found the information about Mike Jeeter was not newly discovered. At trial Detective Galbraith testified that Mr. Armstrong had made a statement to Galbraith that he and Jeeter were at the market where the shooting occurred selling drugs. Peters was a drug customer who tried to leave without paying. Armstrong claimed to Galbraith that Armstrong jumped through the window of Peter's car and began beating him. He claimed that Jeeter then jumped through the window after Armstrong and shot Peters. In other words, although Armstrong denied pulling the trigger, he admitted to being a "business partner" with Jeeter in selling drugs and using violent collection tactics on a customer who tried to "rip them off."

Petitioner is not entitled to habeas corpus relief on the basis of the "newly discovered" evidence he has presented for all of the following reasons.

First of all, actual innocence of the underlying crime has never been held to be a basis for habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). There is a federal constitutional right not to be convicted on insufficient evidence. *Jackson v.*

---

[3]The Brown Affidavit attached to Doc. No. 38 appears to be an original. Judge Hall had a photocopy.

*Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)  However, the evidence recited by the Court of Appeals was plainly sufficient to convict.

Secondly, there is no federal constitutional right to a new trial upon the discovery of new evidence.

Third, even if there were such a right, Petitioner would have procedurally defaulted on his claim for a new trial because, when he appealed from denial of his motion for new trial, he raised different issues and filed the notice of appeal late. *See State v. Armstrong,* 2008 Ohio 4532, 2008 Ohio App. LEXIS 3815 (Ohio Ct. App., Montgomery County, Sept. 5, 2008).

Fourth, even if there were a constitutional right to a new trial upon the discovery of new evidence, Judge Hall's conclusion that the evidence of Mike Jeter's involvement and of Ramel Alexander's knowledge that Jeter admitted the involvement was not newly-discovered – Petitioner knew both of those facts at the time of trial.

**Conclusion**

The Petition for Writ of Habeas Corpus should be denied on the merits and dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.
January 15, 2009.

                   s/ **Michael R. Merz**
                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).